IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Linnell Richmond, Jr., ) | Case No. 6:19-cv-03575-DCC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Travis Bragg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 24, 2020, Respondent filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 21. Petitioner filed a response. ECF No. 51. On October 14, 2020, the Magistrate Judge issued a Report construing the motion as a motion for summary

---

[1] The Court notes that while Petitioner is currently being housed in Kentucky, this action was properly brought in this Court because Petitioner was housed in South Carolina at the time he filed the Petition. *See* ECF No. 1; *see also Lennear v. Wilson*, 937 F.3d 257, 282 n.1 (4th Cir. 2019); *Prince v. O'Brien*, C/A. No. 1:12-cv-64, 2012 WL 7007573, at *1 (N.D.W. Va. Oct. 24, 2012), *report adopted*, 2013 WL 441370 (N.D.W. Va. Feb. 5, 2013), *aff'd*, 519 F. App'x 170 (4th Cir. 2013).

1

judgment and recommending that it be granted.  ECF No. 53.  Petitioner has filed objections to the Report.  ECF No. 60.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has included a thorough summary of the relevant facts and applicable law, which the undersigned incorporates by reference.  In the present action, Petitioner challenges the calculation of his sentence.  As explained in more detail by the Magistrate Judge, Petitioner was arrested on February 18, 1995, by state authorities in Knoxville, Tennessee.  The

2

circumstances of this arrest gave rise to a federal indictment as well as state charges. On June 7, 1996, Petitioner was sentenced in the United States District Court for the Eastern District of Tennessee to a 51-month term of imprisonment as to Counts 1, 3, and 5 of the indictment, to run concurrently to each other, and to a 360-month term of imprisonment as to Counts 2 and 4, to run concurrently to each other and consecutively to the sentence for Counts 1, 3, and 5.  On October 14, 1999, Petitioner was sentenced in state court to a 22-year term of imprisonment.

The Bureau of Prisons ("BOP") calculates Petitioner's sentence as beginning on October 5, 2015—the date he came into exclusive federal custody.  Because the state did not give Petitioner credit for February 18, 1995, the date of his arrest, the BOP applied one day of credit to his federal sentence.  After receiving correspondence from Petitioner's sentencing court indicting that it approved of retroactively designating Petitioner's sentence as running concurrent to his state sentence,[2] the BOP determined that Petitioner was entitled to a partial concurrent and partial consecutive sentence calculation.  Specifically, the BOP determined that his 51-month sentence was eligible to run concurrently to his state sentence while his 360-month sentence must be served

---

[2] On March 30, 2016, the BOP acknowledged Petitioner's request for prior custody credit for time spent in state custody.  ECF No. 21-1 at 21.  On April 19, 2016, the BOP sent a letter to the United States District Court for the Eastern District of Tennessee requesting a statement as to any position on retroactively designating Petitioner's federal sentence as concurrent to his state sentence.  *Id.* at 24–25.  On September 2, 2016, the sentencing court sent its response stating it had "no opposition to [Petitioner] receiving a retroactive designation in this case."  *Id.* at 28.

consecutively. Under this calculation, including consideration of Petitioner's anticipated Good Conduct Time and other statutory and policy considerations, Petitioner's projected release date is July 17, 2041.

The Magistrate Judge concluded that the BOP properly calculated Petitioner's sentence. In his objections, Petitioner contends that the BOP should calculate his sentence as commencing on February 18, 1995, the date of his arrest. He argues that under the current calculation his term of imprisonment will extend past his "full expiration date." He also asserts that the sentencing court's intention that his federal sentence run concurrently to his state sentence should be applied to his entire federal sentence.

***Sentence Commencement and Prior Custody Credit***

As noted by the Magistrate Judge, the computation of a federal sentence is the responsibility of the Attorney General of the United States and has been delegated to the BOP. *United States v. Wilson*, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96. "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996) (internal quotation omitted). A sentence commences "on the date the defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of a sentence at, the official detention facility at which the sentence will be served." 18 U.S.C. § 3585(a).

4

When an inmate faces both federal and state charges, "the sovereign that arrested him first acquires and maintains primary jurisdiction until the sentence imposed by that sovereign has been satisfied." *Martinez v. Stewart*, C.A. No. GJH-18-3940, 2020 WL 5106712, at *2 (D. Md. Aug. 29, 2020) (citation omitted).  Here, state authorities obtained primary jurisdiction over Petitioner when they arrested him on February 18, 1995, and continued to detain him based on state charges.  The state maintained primary jurisdiction over Petitioner until his state sentence was satisfied and he was released to federal authorities on October 5, 2015.  *See, e.g., Fisher v. O'Brien*, C/A No. 7:08-cv-00569, 2009 WL 1382385, at *2 (W.D. Va. May 15, 2009) (finding that a petitioner's federal sentence did not begin until "after the state exacted its penalty from [the petitioner] and released him to the federal detainer for service of his federal sentence.").  Therefore, regardless of whether his state and federal sentences arose from the same conduct, Petitioner was "received in custody[,]" as required by § 3585(a), on October 5, 2015; accordingly, Petitioner's federal sentence has been computed correctly as commencing on October 5, 2015.[3]  *See* ECF No. 21-1 at 19.

---

[3] To the extent Petitioner argues that his federal sentence should be calculated as commencing on his arrest date because the United States Marshals Service lodged a federal detainer against him while he was in state custody, a federal detainer does not change an inmate's custody status. *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992) ("A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law.").

Turning to the second inquiry, the Court finds that Petitioner has received the proper credit for time spent in custody before the commencement of his sentence. Pursuant to 18 U.S.C. § 3585(b),

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The record indicates that Petitioner was detained in state custody from February 18, 1995, the date of his arrest, through October 13, 1999, the date prior to the imposition and commencement of his state sentence—a total of 1,699 days. ECF No. 21-1 at 3, 16–17. Petitioner was given credit for 1,698 of these days towards his state sentence. *Id.*[4] Thus, because § 3585(b) prohibits granting dual credit, the 1,698 days cannot be credited towards Petitioner's federal sentence. *See Wilson*, 503 U.S. at 337 (noting that under

---

[4] As noted herein and by the Magistrate Judge, because the state did not give the petitioner credit for February 18, 1995, the BOP gave Petitioner one day of pre-sentence credit towards his federal sentence.

6

§ 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time"); *United States v. Brown*, No. 91-5877, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence.").[5]  Accordingly, the Court finds that the BOP has properly applied all prior custody credit to which Petitioner is entitled to his federal sentence.

**Nunc Pro Tunc *Designation***

Petitioner also objects to the Magistrate Judge's determination that the BOP properly reviewed Petitioner's sentence and found that part of his federal sentence was eligible to run concurrently to his state sentence and part of his federal sentence was not.[6]

---

[5] The Court finds that Petitioner did not specifically object to the Magistrate Judge's discussion of whether he qualifies for prior custody credit pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).  Nevertheless, out of an abundance of caution for a pro se Petitioner, the Court has reviewed the entirety of the record and applicable law de novo, including any portion pertaining to *Willis* credit.  Accordingly, to the extent Petitioner intended to object to this section of the Report, the Court incorporates by reference the Magistrate Judge's analysis of *Willis* credit as it relates to Petitioner's sentence and finds that he is ineligible to receive *Willis* credit.

[6] Throughout his objections, Petitioner cites to U.S.S.G. § 5G1.3.  The Court overrules these objections.  *See Womack v. Romero,* No. 1:18-cv-00449-AKK-HNJ, 2020 WL 6937467, at *3 (N.D. Ala. Sept. 24, 2020), *report adopted*, 2020 WL 6928318 (N.D. Ala. Nov. 24, 2020) ("To the extent Womack alleges the BOP should reduce his sentence pursuant to U.S.S.G. § 5G1.3, he misunderstands this section. Specifically, § 5G1.3 addresses how a district court should structure a defendant's sentence when the defendant has an undischarged term of imprisonment arising from another criminal

*See* ECF No. 60.  As explained in more detail by the Magistrate Judge, the BOP conducted a review of Petitioner's federal sentence under *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), for a *nunc pro tunc* designation.  ECF No. 21-1 at 3.  A *nunc pro tunc* designation is a method whereby the BOP retroactively designates a state facility as the official place of imprisonment for a prisoner who has served or is serving time in state custody, thereby running the state and federal sentences concurrently. *Jefferson v. Berkebile*, 688 F. Supp. 2d 474, 487 (S.D.W. Va. 2010).

In response to the request from Petitioner and upon receipt of the letter from the sentencing court, the BOP granted a *nunc pro tunc* designation for Petitioner's 51-month term of confinement.  ECF No. 21-1 at 4, 30.  Petitioner argues that he is entitled to a *nunc pro tunc* designation for his 360-month term because the sentencing court stated its intention for that term to run concurrently to his other sentences.  ECF No. 60 at 3.  The BOP determined that Petitioner's 360-month term was ineligible for a *nunc pro tunc* designation because a sentence imposed pursuant to 18 U.S.C. § 924(c) is required to be served consecutively with any other term of imprisonment.[7]  18 U.S.C. § 924(c)(1)(D)(ii)

---

proceeding, or when the court anticipates that a state court will impose a separate term of imprisonment. This section has no application where a court is considering whether to run multiple terms of imprisonment concurrently or consecutively when they arise out of the same proceeding, as in Womack's case." (citation omitted)).

[7] The Court notes that in the letter to the sentencing court regarding a potential *nunc pro tunc* designation, the BOP indicated this distinction between the 51-month and 360-month terms and stated that "[t]he integrity of the Title 18 U.S.C. § 924(c) mandatory

8

("no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . . ."). Accordingly, Petitioner's sentence has been altered to reflect all the retroactive credit to which is he is entitled.[8]

Based on the foregoing, the Court finds that Petitioner's sentence was computed correctly in accordance with all federal statutes, regulations, and policy as set out above. Accordingly, Petitioner is not entitled to federal habeas relief.

## **CONCLUSION**

After considering de novo the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the recommendation of the

---

consecutive 360-month term will be maintained upon his release from state custody on October 5, 2015." ECF No. 21-1 at 25.

[8] In the Report, the Magistrate Judge states that Petitioner's federal sentencing court could have imposed a federal sentence to run concurrently or consecutively to an anticipated state sentence pursuant to 18 U.S.C. § 3584(a) and cites to *Setser v. United States*, 566 U.S. 231 (2012), for support. ECF No. 53. In his objections, Petitioner argues that this was not the law at the time of his sentence. ECF No. 60 at 3. The Court agrees with Petitioner's argument and specifically declines to adopt page 11 of the Report. *See United States v. Quintero,* 157 F.3d 1038, 1039 (6th Cir. 1998), *abrogated by Setser*, 566 U.S. 231 ("We hold that 18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence."). However, because it is clear from the record that the sentencing court was given an opportunity to clarify its position in light of the *Setser* decision and Petitioner's sentence was recalculated to reflect the sentencing court's intention, this error does not alter the remainder of the Magistrate Judge's analysis or ultimate conclusion.

Magistrate Judge except as set out above; accordingly, Respondent's motion for summary judgment [21] is **GRANTED** and the Petition is denied.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 24, 2021
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.